SO ORDERED.

SIGNED this 14th day of August, 2013.



_____
US BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUDOLPH LUDWIG BINDER, JR. | ) | CASE NO. B-13-10219 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER AUTHORIZING DEBTOR TO CLOSE ON SALE OF NON-DEBTOR REAL PROPERTY OWNED BY NON-DEBTOR COMPANY AND DIRECTING ADMINISTRATION OF NET SALE PROCEEDS DERIVED THROUGH DEBTOR'S OWNERSHIP INTERESTS

**THIS MATTER** coming on for consideration before the undersigned United States Bankruptcy Judge presiding on the 13th day of August, 2013, upon the Debtor's Motion for Order Authorizing Sale of Property pursuant to 11 U.S.C. § 363 (the "Motion"); James K. Talcott appearing of record for the Debtor, Paul M. Dennis appearing as counsel for the Seller, Hicone Properties, LLC, Julie B. Pape appearing for John Hancock Life Insurance Company (U.S.A.), Everett B. Saslow appearing as counsel for creditor Ms. Kay Garner and Robert E. Price appearing as counsel for the Bankruptcy Administrator; due Notice of Hearing on the Motion and opportunity to be heard being given to all creditors in the proceeding; and based upon the comments of all counsel desiring to be heard along with the evidence presented through the testimony given by the Debtor, Rudolph L. Binder, Jr. and the record in this proceeding:

**IT APPEARS TO THE COURT** that the Debtor filed its Motion for Order Authorizing Sale of Property pursuant to 11 U.S.C. § 363 and sought authority therein for the sale of a

shopping center known as Hicone Shopping Center (the "Shopping Center") to Black Oak Properties, LLC or its assignee or designee (the "Buyer") for the sum of Seven Million Two Hundred Thousand Dollars ($7,200,000.00) pursuant to an Agreement of Sale attached to the Motion and requested other relief including granting authority for the Debtor to take any and all actions determined by the Debtor to be necessary, desirable and/or appropriate to cause the seller, Hicone Properties, LLC (the "Seller"), to consummate the sale of the Shopping Center and related property as defined in the Agreement of Sale (together with any amendments or modifications, the "Agreement of Sale");

**IT FURTHER APPEARS TO THE COURT** that while the Debtor holds membership interests in Limited Liability Companies (the "LLC's"), which are non-Debtors and that the Shopping Center is not property of this or any bankruptcy estate, the Debtor, through its ownership interests in the LLC's, owns and controls 100% of the Seller and therefore the Shopping Center;

**IT FURTHER APPEARS TO THE COURT** that the Debtor, in open Court amended its Motion as filed to only seek an order granting authority for the Debtor to take any and all actions determined by the Debtor to be necessary, desirable and/or appropriate to cause the Seller to consummate the sale of the Shopping Center and related property pursuant to the Agreement of Sale and to perform its obligations under the Agreement of Sale including, without limitation, the execution and delivery by Debtor, on behalf of Seller, of any and all documents, instruments, certificates, affidavits, and other agreements required to be executed and delivered by Seller pursuant to the terms of the Agreement of Sale and if a closing occurs, requiring the Debtor to cause the Seller and his controlled LLC's to distribute the Net Sale Proceeds after closing, in respect of the Debtor's interest in these LLC's, to counsel for the Debtor with such Net Sale Proceeds to thereafter be held pending further Orders of the Court;

**IT FURTHER APPEARS TO THE COURT** that John Hancock Life Insurance Company (U.S.A.) ("John Hancock") filed an objection to the Motion, but has no objection to the relief requested pursuant to the Motion as amended in open Court, and no other objections to the amended relief as requested were filed or made by any parties present;

**IT FURTHER APPEARS TO THE COURT** that the Debtor and all parties desire for a closing on the sale of the Shopping Center to take place provided that further agreement regarding conditions required to be met to obtain the approval of John Hancock for its secured

obligation to be assumed by and assigned to the Buyer can be concluded to the satisfaction of the Seller, the Buyer and John Hancock; and

**IT FINALLY APPEARS TO THE COURT** that the Debtor testified under oath that he agreed, following closing on the sale of the Shopping Center, to immediately take all steps necessary to cause his LLC's to distribute the Net Sale Proceeds such that counsel for the Debtor would receive all Net Sale Proceeds which shall be thereafter held by counsel for the Debtor, in trust, pending further Orders of this Court regarding their distribution in this Chapter 11 proceeding and that he shall otherwise have no access to the Net Sale Proceeds.

It is therefore **ORDERED, ADJUDGED and DECREED** as follows:

1. The Motion as amended by the Debtor in open Court is approved and the Debtor is authorized to proceed to conclude a sale to the Buyer of the Shopping Center for the sum of Seven Million Two Hundred Thousand Dollars ($7,200,000.00) in accordance with the terms of the Agreement of Sale. As such, the Debtor is authorized to take any and all actions determined by the Debtor to be necessary, desirable and/or appropriate to cause Seller to consummate the sale of the Shopping Center to Buyer as contemplated in the Agreement of Sale and to otherwise perform its obligations under the Agreement of Sale including, without limitation, the execution and delivery by Debtor on behalf of Seller, of any and all documents, instruments, certificates, affidavits and other instruments required to be executed and delivered by Seller pursuant to the terms of Agreement of Sale, as the same may be modified or amended;

2. The Debtor, through its ownership interests and control of the Seller and any related entity having an interest in the Seller, shall cause such entities, after any closing on the sale of the Shopping Center, to distribute the Net Sale Proceeds, after ensuring payment in full of any obligations of the Seller remaining after closing, to counsel for the Debtor with such proceeds to be held in the trust account of the Debtor's counsel pending further Orders of this Court regarding the distribution of such Net Sale Proceeds in this bankruptcy proceeding;

3. The Automatic Stay Provisions of 11 U.S.C. § 362 shall be extended to the Net Proceeds of Sale held in trust; and

4. Nothing in this Order shall require any party, specifically including the Seller, the Buyer, and John Hancock, to participate in the closing of the sale of the Shopping Center as contemplated in the Agreement of Sale; nor is John Hancock being required pursuant to this Order to consent to or approve (i) the sale of the Shopping Center to the Buyer as contemplated

in the Agreement of Sale, or (ii) the assumption by the Buyer of the Seller's obligations to John Hancock secured by the Shopping Center; nor is the Buyer or the Seller being required pursuant to this Order to accept any terms and conditions that may be offered by John Hancock with respect to such assumption. Notwithstanding this Order, the Buyer, the Seller, and John Hancock shall remain free to negotiate the terms and conditions of any such assumption.

END OF DOCUMENT