IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                                          )
                                                )
RUDOLPH LUDWIG BINDER, JR.,    )        CASE NO. 13-10219C-7G
                                                )
                                                )
            Debtor.                          )
_____)

## APPLICATION FOR PRIVATE SALE OF DEBTOR'S INTEREST IN BROOKHOLLOW PLAZA SHOPPING CENTER ASSOCIATES, LLP

TO: THE HONORABLE BENJAMIN A. KAHN, U.S. BANKRUPTCY JUDGE

NOW COMES, Gerald S. Schafer, Trustee for the above named Debtor who was appointed Trustee on January 7, 2014 as a result of the Debtor's Chapter 11 Proceeding being converted to a Chapter 7:

1. Among the Debtor's assets is his partnership in a North Carolina Limited Liability Partnership known as Brookhollow Plaza Shopping Center Associates, LLP in which Robert B. Skenes ("Skenes") and the Debtor each owned a 50% interest. This Partnership owns one shopping center is the sole member of two (2) Limited Liability Companies, each of which Limited Liability Companies own one further shopping center. The three shopping centers are Christiansburg Shopping Center, Brookhollow Plaza Shopping Center and Piney Grove Shopping Center.

2. The Trustee has physically examined the condition, location and features of each of the shopping centers. In addition the Trustee has examined the financial statements, leases and other documents including discussions with Mr. Skenes to determine the financial condition of each of the shopping centers. This was done in an attempt to determine the value of the shopping centers themselves as an initial step to determining the value of the Debtor's interest in the Partnership.

3. The shopping center designated as Christiansburg Shopping Center is located in Christiansburg, Virginia. The anchor tenant is a Food Lion grocery store. In addition to this tenant there are various smaller tenants in the property which is a small strip center located in Christiansburg, Virginia.

A negative factor in considering the value of the Christiansburg Center is that the term of lease of Food Lion will expire in approximately five years. Furthermore, the Virginia Department of Highways also has plans to change the ingress and egress from the shopping center to the adjoining highway which could negatively impact the value of the property in addition to the terms of the various tenant's leases.

1

4. The second shopping center is Brookhollow Plaza Shopping Center located in Mebane, North Carolina. Its anchor tenant is Food Lion grocery store and has several small tenants with leases. This center has four spaces that are vacant and the anchor tenant's lease will expire in approximately 3.5 years.

The North Carolina Department of Transportation plans to re-route the ingress and egress to the Brookhollow Plaza Shopping Center. This will have a direct and negative impact on the value. The proposed changes to the ingress and egress to the adjoining highway will make the shopping center entrances less accessible. This change will have a negative impact on the value of the center. The high vacancy rate at the center also affects its value.

5. The third shopping center is Piney Grove Shopping Center. The anchor tenant is Lowe's grocery store and has other small tenants. This shopping center is 100% occupied and is located in Kernersville, North Carolina and has very good ingress and egress to it from the highways. This shopping center is the best of the three centers and has the highest value.

6. Your Applicant, along with Mr. Skenes reviewed all of the financial information available and anchor and other tenant leases relevant to the appraised values on the shopping centers as well as the present cash flow for each of the shopping centers and the occupancy rates.

7. The Trustee believes there are serious issues regarding the fair market values of the shopping centers. In addition the Trustee believes there are serious issues regarding the fair market value of the Debtor's interests in the Partnership which owns or has an interest in these shopping centers. All of these issues must be considered when determining the value of the estate's interest in the Partnership.

8. The Limited Liability Partnership has an Amended and Restated Partnership Agreement, dated February 4, 2006, that was signed by the parties in which each partner owned a 50% interest. Robert B. Skenes was elected as the Managing General Partner of the Partnership which gives him the deciding vote as to all business or financial decisions regarding the partnership. Therefore neither the Debtor nor the bankruptcy estate has any power through the 50% interest to affect decisions regarding the operation of the Partnership and the Shopping Centers including the decision to sell the shopping centers or make distributions of income derived from operation of the shopping centers.

9. The Trustee and Robert Skenes have had discussions regarding the Partnership Agreement and Robert Skenes informed the Trustee that as the Managing General Partner, he has made the decision, in his business judgment, that the Partnership would make no financial distributions of income from business operations to any partner for at least the next 48 months. This is generally consistent with past practices of the Partnership wherein substantial income may have been reported to the Internal Revenue Service; however, distributions to the Partners may have been 50% of the income or less as the Available Cash was used for other purposes in the Partnership including paying debt obligations. Mr. Skenes believes it is necessary for the Partnership to payoff certain key debts of the Partnership before any financial distributions are made to the Partners, considering the age of the centers, the expiration of tenant leases, and

negative factor such as required maintenance and repairs. In addition, the Partnership is an ongoing enterprise and cash generate by the shopping centers may be used to internally finance other acquisitions by that Partnership, a situation which only Mr. Skenes controls.

10. As outlined above, Mr. Skenes, as the Managing Partner, has the absolute authority on activities of the Partnership and has absolute control. As such the estate's 50% interest in the Partnership is a "Minority Interest" which has a significant negative impact on the value of the estate's 50% interest in the Partnership.

11. As to the above factors, the major factor is the Managing General Partner of the Partnership has the absolute power to decide the operation of the Partnership. It would be very difficult to sell the Debtor's 50% interest to anyone other than the Managing General Partner at a price that would be close to fair and reasonable. It will be difficult to find a buyer who will be willing to hold these properties without receiving any income for at least the next 48 months and still be subject to income taxes for the phantom income that will be reported to the partners of the Partnership.

12. Furthermore, and presenting potential great difficulty, the Partnership Agreement for the Partnership which controls the activities of the Partnership provides that no sale of a Partner's interest to a third party may occur without the consent of the other Partner. This protection of the individual Partner's rights and expectations contained in the Partnership Agreement is not only stated in the Partnership Agreement but also appears to be supported by existing North Carolina Partnership law. The impact, if exercised by Mr. Skenes would be to further limit the sale of the estate's 50% interest to any third party who would not be acceptable to Mr. Skenes.

13. The parties have arrived at an agreed settlement in which Robert B. Skenes has agreed to pay One Million Dollars ($1,000,000.00) to the Trustee to purchase all right, title and interest of Rudolph Ludwig Binder in the LLP held by the bankruptcy estate and the Debtor with any and all liens, claims and encumbrances transferred to the proceeds of sale. The Buyer is not assuming any of the Debtor's or the estate's liabilities and the sale is specifically free of such liabilities. The Trustee is not aware of any liens or encumbrances against Mr. Binder's interest in the LLP and believes that the only claims in this case are unsecured claims.

14. The parties have agreed to this purchase price and other terms subject to the Court's approval and if the Court approves the sale, the Trustee will convey all of the Debtor's and the bankruptcy estate's right, title, and interest in the Partnership to Robert B. Skenes or his assigns. In addition, closing of the sale is subject to the Order approving the sale being a final Order, after notice and hearing, in form and substance acceptable to buyer which order has not been appealed, or if appealed, the sale has been upheld or the appeal has been dismissed; and which order authorizes the sale of the property free and clear of all liens, claims and encumbrances with same being transferred to the proceeds of the sale and authorizes the Trustee to consummate the sale and to execute and deliver all documents necessary or reasonable required by the buyer to effectuate the sale and transfer of the property to the buyer and which funds that the buyer is a good faith purchase pursuant to section 363(m) of the Bankruptcy Code

and that further provides that the order is effective and enforceable immediately upon entry in accordance with Fed. R. Bankr. P. 6004(h).

WHEREFORE, the Trustee respectfully prays the court enter an Order pursuant to section 363(b) and (f) authorizing the Trustee to sell to Robert B. Skenes, or his assigns, the Debtor's and the estate's interest in the Partnership known as Brookhollow Plaza Shopping Center Associates, LLP for the sum of One Million Dollars ($1,000,000.00) as provided for herein.

This the 29th day of April, 2014.

/s/ *Gerald S. Schafer*
Gerald S. Schafer, Trustee
N.C. Bar No. 3873
220 Commerce Place
Greensboro, NC  27401
Tel. (336) 273-9309
Fax (336) 273-2700

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In Re: ) | |
| ) | |
| RUDOLPH LUDWIG BINDER, JR. ) | CASE NO. B-13-10219C-7G |
| ) | |
| Debtor. ) | |
| ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I am an Attorney at Law licensed to practice in the State of North Carolina, and I am a person of such age and discretion to be competent to serve process.

That I served a copy of **APPLICATION FOR PRIVATE SALE OF DEBTOR'S INTEREST IN BROOKHOLLOW PLAZA SHOPPING CENTER ASSOCIATES, LLP,** by placing a copy thereof in a postpaid envelope addressed for delivery to:

| | |
|---|---|
| US Bankruptcy Court<br>William P. Miller, Esq.<br>Bankruptcy Administrator<br>PO Box 1828<br>Greensboro, NC 27402 | US Bankruptcy Court<br>Robert Price, Esq.<br>PO Box 1828<br>Greensboro, NC 27402 |
| Sarah F Sparrow, Esq.<br>PO Box 2888<br>Greensboro, NC 27402 | Paul M. Dennis, Esq.<br>PO Box 308<br>Greensboro, NC 27402 |
| Robert B. Skenes<br>616 B Guiilford College Rd<br>Greensboro, NC 27409 | Everett B. Saslow<br>PO Box 989<br>Greensboro, NC 27402 |
| James K. Talcott, Esq.<br>Ivey, McClellan, Gatton & Talcott, LLP<br>PO Box 3324<br>Greensboro, NC 27402 | James C. Lanik<br>Roberson Haworth & Reese, PLLC<br>PO Box 1550<br>High Point, NC 27261 |
| William Jordan, Esq.<br>PO Box 989<br>Greensboro, NC 27402 | |

and by depositing same and its contents in an official depository under the exclusive care and custody of the United States Postal Service at Greensboro, North Carolina, on the 29th day of April, 2014.

    /s/ *Gerald S. Schafer*
Gerald S. Schafer, Trustee
N.C. State Bar No. 3873
220 Commerce Place
Greensboro, North Carolina 27401
Tel. (336) 273-9309
Fax    (336) 273-2700